# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY


STATE OF DELAWARE,      )
         )
      Plaintiff,    )
         )
         )
    v.       )   Cr. ID. No.  0607023450
         )
         )
ANDRE MCDOUGAL,     )
         )
      Defendant.   )


Submitted:  April 13, 2015
Decided: June 22, 2015

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED.


Colleen K. Norris, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Andre McDougal, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*


PARKER, Commissioner

This 22nd day of June, 2015, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1. In January 2008, a Superior Court jury found Defendant Andre McDougal not guilty of Murder in the First Degree and was hung on the lesser-included charges of Murder in the Second Degree and Manslaughter as well as two weapon charges.[1]

2. In September 2008, on the day of his retrial, Defendant pled guilty to a single count of Manslaughter.[2]

3. Defendant was sentenced to 20 years at Level V incarceration, to be suspended after three years, for one year of Level III probation.[3]

4. In January 2010, Defendant was found to have committed a Violation of Probation ("VOP") and was re-sentenced to 17 years at Level V, to be suspended for 17 years at Level IV, in turn to be suspended after 6 months, for one year at Level III probation.[4]

5. On March 2, 2011, following a contested VOP hearing, Defendant was again found to have committed a VOP and was re-sentenced to 17 years at Level V, to be suspended after 15 years, for 2 years at Level III probation.[5]

6. Defendant appealed his March 2, 2011 VOP finding to the Delaware Supreme Court. On October 17, 2011, the Delaware Supreme Court affirmed the Superior Court's

---

[1] *McDougal v. State,* 2011 WL 4921345 (Del.).
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*

1

VOP finding and sentence. The mandate from the Delaware Supreme Court affirming the judgment of the Superior Court was filed on November 4, 2011.[6]

7. Thereafter, Defendant filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court, District of Delaware, in which he contested the VOP finding and sentence on a number of different grounds. On November 24, 2014, the Delaware District Court denied his habeas corpus petition finding it to be without merit.[7]

8. The charges which formed the basis for the VOP at issue in this action, stemmed from a curfew violation and from drug and weapon charges that occurred on November 18, 2010. In a separate action, Criminal Action No. 1011012275, Defendant was indicted on those drug and weapon charges.

9. That action, Criminal Action No. 1011012275, on the drug and weapon charges was tried after the March 2, 2011 VOP hearing was held in this case. That separate action was tried before a Superior Court jury in September 2011. In that separate action, Defendant was convicted of Trafficking in Heroin, Possession with Intent to Deliver Heroin and Possession of a Firearm by a Person Prohibited. Defendant was found not guilty of Possession of a Firearm During the Commission of a Felony and Receiving a Stolen Firearm.

10. In that action, Criminal Action No. 1011012275, Defendant was sentenced as a habitual offender to prison for the remainder of his natural life on each of the two drug convictions and was sentenced to five years at Level V on the weapon conviction.[8]

---

[6] *McDougal v. State,* 2011 WL 4921345 (Del.), See, Superior Court Docket No. 150.
[7] *Andre McDougal v. Wesley, Warden, et al.,* 2014 WL 6693787 (D.Del.).
[8] *Andre McDougal v. State,* 2012 WL 3862030 (Del.).

11.     In that action, Criminal Action No. 1011012275, Defendant filed a direct appeal to the Delaware Supreme Court.  On September 5, 2012, the Delaware Supreme Court affirmed that judgment of the Superior Court.[9]

12.     In that action, Criminal Action No. 1011012275, Defendant filed a motion for postconviction relief.  In that case, Defendant timely filed a Rule 61 motion after his jury trial resulted in a conviction and he was sentenced as a habitual offender under 11 *Del. C.* § 4214(b) for the drug convictions, and 11 *Del. C.* § 4214(a) for the weapon conviction. In that case, counsel was appointed to assist Defendant on his Rule 61 motion.

13.     Defendant's Rule 61 motion in that action, Criminal Action No. 1011012275, remains pending and is not the subject of this decision.

**FACTS**

14.     The contested VOP at issue stems from a curfew violation and from drug and weapon charges that occurred on November 18, 2010.  The facts which formed the basis for the March 2, 2011 contested VOP were set forth by the Delaware Supreme Court in its decision on Defendant's direct appeal,[10] were set forth by the Delaware District Court in its decision on Defendant's petition for a writ of habeas corpus,[11] and are contained in the record of the VOP hearing.[12]  The facts are set forth below.

15.     As to the curfew violation, Defendant's supervising probation officer testified that on September 13, 2010, Defendant missed a curfew check.[13]

16.     As to the drug and weapon charges, Detective Smith, of the Wilmington Police Department, Operation Safe Streets, testified that on November 18, 2010, he was

---

[9] *Andre McDougal v. State,* 2012 WL 3862030 (Del.).
[10] *Andre McDougal v. State,* 2012 WL 3862030 (Del.).
[11] *Andre McDougal v. Wesley, Warden, et al.,* 2014 WL 6693787, * 1 (D.Del.).
[12] March 2, 2011 Transcript of Contested Violation of Probation Hearing.
[13] March 2, 2011 Transcript of Contested Violation of Probation Hearing, at pgs. 4-6.

conducting surveillance in the 2300 block of Carter Street, in Wilmington, Delaware. The area was known by police to be a high crime area with drug trafficking activity.[14]

17.     Detective Smith had a clear, unobstructed view.[15]

18.     Detective Smith's attention was drawn to an African American male with short hair, wearing a black leather jacket and black pants.   This individual, Defendant McDougal, entered the block and entered the alleyway on the east side of the street, just north of 2312 Carter Street.   After approximately 30 seconds, Defendant McDougal walked onto the porch located at 2312 Carter Street and then sat on the porch steps. Right after Defendant sat down on the porch steps, another man entered the porch, sat beside Defendant McDougal and stayed a couple of minutes.[16]

19.     After the other man left, Defendant got up from the porch steps walked onto the porch for a minute or two, and then exited the porch and sat back down on the porch steps.[17]

20.     Thereafter, two other African American men approached Defendant McDougal from the north side of Carter Street and McDougal engaged in a hand-to-hand transaction with them.   Specifically, it appeared as if one of the males handed money to McDougal who handed him an object in return.[18]

---

[14] See, March 2, 2011 Transcript of Contested Violation of Probation Hearing, at pgs. 9-11; .*Andre McDougal v. State,*  2012 WL 3862030, *1 (Del.); *Andre McDougal v. Wesley, Warden, et al.,*  2014 WL 6693787, * 1 (D.Del.).

[15] March 2, 2011 Transcript of Contested Violation of Probation Hearing, at pg. 11.

[16] See, March 2, 2011 Transcript of Contested Violation of Probation Hearing, at pgs. 11-14; .*Andre McDougal v. State,*  2012 WL 3862030, *1 (Del.); *Andre McDougal v. Wesley, Warden, et al.,*  2014 WL 6693787, * 1 (D.Del.).

[17] See, March 2, 2011 Transcript of Contested Violation of Probation Hearing, at pgs. 13-14; .*Andre McDougal v. State,*  2012 WL 3862030, *1 (Del.); *Andre McDougal v. Wesley, Warden, et al.,*  2014 WL 6693787, * 1 (D.Del.).

[18] See, March 2, 2011 Transcript of Contested Violation of Probation Hearing, at pgs. 14-16; .*Andre McDougal v. State,*  2012 WL 3862030, *1 (Del.); *Andre McDougal v. Wesley, Warden, et al.,*  2014 WL 6693787, * 1 (D.Del.).

21.     Additional law enforcement officers were called in to assist. A police sergeant stopped James Hamilton, the male who received the object from Defendant McDougal. While the officer was speaking with Hamilton, four baggies of heroin, each containing a blue wax paper baggie stamped "Jaguar," fell from Hamilton's pant leg onto the ground.[19]

22.     The substance that fell from Hamilton's pant leg was field tested positive for heroin. That was how Detective Smith determined it was heroin.[20]

23.     Hamilton advised that he had purchased four bags of heroin for $5 a bag from the male in the black leather jacket and short hair (McDougal), giving him a $20 bill.[21]

24.     McDougal was detained and was found to be in possession of $20.51.[22]

25.     A search of the porch of 2312 Carter Street uncovered 130 small plastic baggies on a chair, each containing blue wax paper baggies stamped "Jaguar" which contained heroin. The substance was field tested positive for heroin.[23] On the chair, right next to the heroin, the police found a .38 revolver, which had been reported stolen. A baseball hat was also found on the same chair as the heroin and gun. The heroin and the handgun were both sitting on the chair close enough that the baseball hat could cover both of them.[24]

---

[19] See, March 2, 2011 Transcript of Contested Violation of Probation Hearing, at pgs. 16-18; .*Andre McDougal v. State,* 2012 WL 3862030, *1 (Del.); *Andre McDougal v. Wesley, Warden, et al.,* 2014 WL 6693787, * 1 (D.Del.).
[20] March 2, 2011 Transcript of Violation of Probation Hearing, at pg. 16-17.
[21] March 2, 2011 Transcript of Violation of Probation Hearing, at pg. 23-24; *Andre McDougal v. State,* 2012 WL 3862030, *1 (Del.); *Andre McDougal v. Wesley, Warden, et al.,* 2014 WL 6693787, * 1 (D.Del.).
[22] March 2, 2011 Transcript of Violation of Probation Hearing, at pg. 17-18, 24.
[23] March 2, 2011 Transcript of Violation of Probation Hearing, at pg. 18-19.
[24] March 2, 2011 Transcript of Violation of Probation Hearing, at pg. 19-21; *Andre McDougal v. State,* 2012 WL 3862030, *1 (Del.); *Andre McDougal v. Wesley, Warden, et al.,* 2014 WL 6693787, * 1 (D.Del.).

26.     The baseball hat was not seized.  No fingerprint or DNA testing was conducted on the gun, although the serial number indicated that it had been stolen.[25]

27.     Following the VOP hearing, the Superior Court found that McDougal violated his probation.  The court explained that to find Defendant in violation of probation it need not find Defendant guilty beyond a reasonable doubt.  It was sufficient if the evidence proved that Defendant violated his probation by a preponderance of evidence.  In this case, Detective Smith watched the entire event unfold from a clear, unobstructed view and he actually saw the hand-to-hand transaction.  The drugs on the purchaser were identical to the drugs on the porch.  The officer observed Defendant McDougal giving an object to an individual.  The same drugs were found on the porch right next to a gun.[26]

28.     The Superior Court held that the standard for finding a violation of probation was met in the subject action because the officer personally observed a hand-to-hand transaction with Defendant, took the person who engaged in that transaction into custody, found bags of heroin, and later on, in searching the place where the defendant was, found identical bags of heroin on the porch.  The buyer of the heroin identified the defendant as having sold it to him.  The court further held that given the proximity of the firearm to the heroin, the court also concluded that Defendant was in possession of the firearm.[27]

29.     Before determining the penalty for the violation of probation, the Superior Court considered Defendant's prior criminal record which included convictions of first degree

---

[25] March 2, 2011 Transcript of Violation of Probation Hearing, at pg. 21; *Andre McDougal v. State,* 2012 WL 3862030, *1 (Del.); *Andre McDougal v. Wesley, Warden, et al.,* 2014 WL 6693787, * 1 (D.Del.)..
[26] March 2, 2011 Transcript of Violation of Probation Hearing, at pg. 26-30.
[27] March 2, 2011 Transcript of Violation of Probation Hearing, at pg. 28-30.

assault, weapon violations and escape after conviction, in addition to his manslaughter conviction.[28]

30.    It is important to note that the Office of the Chief Medical Examiner ("OCME") had no involvement in any respect at Defendant's VOP hearing. There was no testimony from anyone from the OCME's office and no reports from the OCME were referenced, relied upon, or otherwise used at the hearing. The finding of the VOP was based on Detective Smith's testimony based on his personal observations and the field tests that were performed.

## DEFENDANT'S SUBJECT RULE 61 MOTION

31.    On April 1, 2015, Defendant filed the subject *pro se* motion for postconviction relief along with a supporting memorandum. In the subject motion, Defendant raises a number of claims. Defendant claims that:

1)    the drug evidence used to violate his probation should not have been admitted because it was part of the tainted drug problem currently being investigated in Delaware's Office of the Chief Medical Examiner;

2)    his due process rights were violated and his sentence should be reduced because he was subsequently acquitted of the gun possession charge that formed a partial basis for his violation;

3)    his due process rights were further violated because his VOP hearing was held prior to his trial and conviction on the underlying criminal charges which formed a partial basis for his violation;

---

[28] March 2, 2011 Contested VOP Hearing Transcript, at pgs. 30-33; *Andre McDougal v. Wesley, Warden, et al.,* 2014 WL 6693787, * 1 (D.Del.).

7

4) his due process rights were violated because the sentencing judge failed to state the aggravating or mitigating factors that were considered in determining his VOP sentence;

5) his due process rights were violated because the baseball hat and firearm should have been tested for fingerprints and DNA;

6) his due process rights in the manner in which his VOP hearing was held and/or as to his sentence were otherwise violated; and

7) his counsel provided ineffective assistance because Defendant was not advised prior to his VOP hearing of his rights to make a statement, call witnesses and present evidence.

32. The claims raised in the subject motion are procedurally barred and without merit.

33. Prior to addressing the substantive merits of any claim for postconviction relief, the court must first determine whether the defendant has met the procedural requirements of Superior Court Criminal Rule 61.[29] If a procedural bar exists, then the claim is barred, and the court should not consider the merits of the postconviction claim.[30] If it plainly appears from the motion for postconviction relief that the movant is not entitled to relief, the court may enter an order for its summary dismissal and cause the movant to be notified.[31]

34. Defendant's claims in the subject motion are procedurally barred. First, Rule 61(i) requires that a motion for postconviction relief be filed within one year of a final order of conviction, or one year from a newly recognized retroactively applicable right

---

[29] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[30] *Id.*
[31] Super.Ct.Crim.R. 61(d)(5).

that was recognized by the Supreme Court of Delaware or by the United States Supreme Court.[32]

35.     In the subject case, Defendant's final order of conviction on his VOP was in November 2011, when the mandate was filed from the Delaware Supreme Court affirming the VOP finding and sentence of the Superior Court.  Defendant filed his Rule 61 motion on April 1, 2015, well over three years later.  Defendant does not raise any newly recognizable retroactive applicable right that was recognized by the Supreme Court of Delaware or by the United States Supreme Court that would warrant the late filing of the motion.  Indeed, most of the claims raised herein are challenges from the VOP hearing and sentencing which occurred on March 2, 2011.  The subject motion was filed well outside the applicable one year limitation period.  Defendant's claims, at this late date, are time-barred.

36.     In addition to being time-barred, Rule 61(i)(3) requires Defendant to raise his claims on direct appeal unless he can show:  a) cause for relief from failing to raise his claim on direct appeal, and b) prejudice.[33]

37.     In the subject action, as more specifically discussed below, some of the claims that Defendant raises in the subject Rule 61 motion were raised on direct appeal while others were not.  Those claims not raised on direct appeal are procedurally barred pursuant to Rule 61(i)(3).

38.     The procedural requirements also mandate that any ground for relief that was already formerly adjudicated, whether in the direct appeal or in a federal habeas corpus proceeding is thereafter barred.[34]

---

[32] Super.Ct.Crim.R. 61(i)(1).
[33] Super.Ct.Crim.R. 61(i)(3).

9

39. In the subject motion, *all* of the claims raised herein were previously raised by Defendant in either his direct appeal and/or in his federal habeas corpus petition. All of the claims raised in the subject motion are procedurally barred as previously adjudicated.

40. To the extent that Defendant has somewhat refined, restated or recouched his claims, the court is not required to re-examine claims that already received substantive resolution on direct appeal and/or in Defendant's prior federal habeas corpus petition.[35]

41. In addition to all of Defendant's claims being procedurally barred, there are all also without merit.

### A) Defendant's Claim Relating to the Alleged Improprieties of the OCME

42. In the subject motion, Defendant claims that the drug evidence used to violate his probation should not have been admitted because it was part of the tainted drug problem currently being investigated in the OCME.

43. By way of background, in February 2014, the Delaware State Police and the Department of Justice began an investigation into criminal misconduct occurring in the Controlled Substances Unit of the OCME. The investigation revealed that some drug evidence sent to the OCME for testing had been stolen by OCME employees in some cases and unaccounted for in other cases. There was no evidence to suggest that OCME employees "planted" evidence to wrongly obtain convictions. Nor was there evidence that the substances actually tested by the chemist were false.[36]

---

[34] Super.Ct.Crim.R. 61(i)(4).
[35] *Johnson v. State,* 1992 WL 183069, at *1 (Del.); *Duhadaway v. State,* 877 A.2d 52 (Del. 2005).
[36] *Brown v. State,* 2015 WL 307389, *3 (Del.)

44. In the subject matter, however, Defendant's claim that the alleged misconduct of the OCME somehow impacted his VOP hearing and resulted in prejudice to him was already considered and rejected by the Delaware District Court in Defendant's federal habeas corpus petition. The Delaware District Court after considering Defendant's claim on its merits found it to be without merit.[37] This claim is now procedurally barred, pursuant to Super.Ct.Crim.R. 61(i)(4), as previously adjudicated.

45. It is also important to emphasize that the OCME had no involvement in any respect at Defendant's VOP hearing. There was no testimony from anyone from the OCME's office and no reports from the OCME were referenced, relied upon, or otherwise used at the hearing. As the Superior Court held, and the Delaware Supreme Court and Delaware District Court agreed, the preponderance of the evidence standard for finding a VOP was met in this case based on Detective Smith's testimony regarding his personal observations and the field tests that were performed.

46. The OCME, and any alleged improprieties with that office, had nothing to do with and did not impact Defendant's VOP hearing in any way. The OCME had no involvement in the VOP hearing, did not contribute in any way at the VOP hearing, and had nothing to do with the finding of a VOP. This claim is procedurally barred and without merit.

---

[37] *Andre McDougal v. Wesley, Warden, et al.,* 2014 WL 6693787, * 5-6 (D.Del.).

**B) Defendant's Claims that his Due Process Rights were Violated**

47.     Defendant raises various claims contending a violation of his due process rights. He claims that his due process rights were violated in the manner in which his VOP hearing was conducted, as to the timing of the hearing, and as to his VOP sentence. More specifically, Defendant contends that his due process rights were violated because his VOP hearing was held prior to his trial on the underlying criminal charges. He further contends that his due process rights were violated because the baseball hat and gun were not tested for fingerprints and DNA. He claims that his due process rights were violated as to sentencing because the sentencing judge failed to state the aggravating and mitigating factors that were considered in determining his VOP sentence. He also claims that his sentence should be reduced because he claims that he was subsequently acquitted of the gun possession charge that formed a partial basis for his violation of probation.

48.     The Delaware Supreme Court on Defendant's direct appeal already held that Defendant's March 2, 2011 VOP hearing was properly conducted in accordance with the procedures outlined in Superior Court Criminal Rule 32.1 and that Defendant was afforded the due process to which he was entitled in a VOP proceeding.[38] Any claims as to due process violations in the manner in which the VOP hearing was conducted is procedurally barred as previously adjudicated and without merit.

49.     The Delaware Supreme Court on Defendant's direct appeal has also already held that there was more than ample support in the VOP hearing record for the Superior

---

[38] *McDougal v. State,* 2011 WL 4921345, *2 (Del.).

Court's sentence.[39] Any claims as to due process violations as to the sentence received is procedurally barred as previously adjudicated and without merit.

50. In addition to being addressed by the Delaware Supreme Court, the Delaware District Court has also already considered all of the due process claims which are now being raised, re-couched and/or re-stated in the subject motion.

51. The federal district court also concluded that Defendant's due process rights were not violated when the VOP proceeding was held before the trial on the actual underlying charges. The federal court explained that a VOP proceeding is not a stage of a criminal prosecution, and that different standards of proof apply in a criminal prosecution (requiring proof beyond a reasonable doubt) and a probation revocation hearing (requiring proof by a preponderance of the evidence). Probation may be revoked if the court is satisfied that a state or federal law has been violated, and a conviction is not a prerequisite to the revocation of probation.[40] This claim is procedurally barred as previously adjudicated and without merit.

52. The federal district court further held that, in Delaware, probation can be revoked solely upon the basis of testimony from a witness who has first-hand knowledge of the events constituting the violations. In this case, the Superior Court's finding that Defendant violated his probation which was premised on Defendant's probation officer's testimony regarding a missed curfew, and also on Detective Smith's testimony describing his first-hand observations of the events leading to McDougal's new criminal charges was sufficient to satisfy the preponderance of the evidence standard for a VOP hearing.[41]

---

[39] *McDougal v. State,* 2011 WL 4921345, *1 (Del.).
[40] *Andre McDougal v. Wesley, Warden, et al.,* 2014 WL 6693787, * 3-4 (D.Del.).
[41] *Andre McDougal v. Wesley, Warden, et al.,* 2014 WL 6693787, * 4 (D.Del.).

13

53.     To the extent that Defendant contends that testing should have been performed on the baseball hat and/or gun prior to a VOP finding, such contention is without merit. The State satisfied its burden of establishing by a preponderance of the evidence that a VOP was committed based on the testimony from a witness who had first-hand knowledge of the events constituting the violations. Indeed, the Delaware Supreme Court, and the Delaware District Court held that the VOP hearing was properly conducted, that Defendant was afforded the due process rights to which he was entitled, and the VOP finding was properly supported by the record.

54.     The federal district court noted that Defendant's claim that his sentence should be reduced because he was acquitted on the gun charge which he contended played a major part in receiving such a lengthy sentence was misleading. The federal district court noted that, in fact, the record demonstrated that Defendant was not acquitted on the gun charge. Defendant was convicted on the charge of possession of a firearm by a person prohibited.[42]

55.     The federal district court recognized that, pursuant to Delaware law, once a VOP is established, the Superior Court may properly order the violator to serve any sentence that was originally suspended, less time served. In this case, at the time of McDougal's second VOP, the balance of Level V time remaining on the manslaughter sentence was seventeen years. Thus, the Superior Court's VOP sentence of seventeen years of Level V time, suspended after 15 years for 2 years at Level III, did not exceed the statutory limits and was not a violation of Defendant's due process rights.[43]

---

[42] *Andre McDougal v. Wesley, Warden, et al.,* 2014 WL 6693787, * 4-5 (D.Del.); *McDougal,* 2012 WL 3862030, at *3.

[43] *Andre McDougal v. Wesley, Warden, et al.,* 2014 WL 6693787, * 5 (D.Del.).

14

56.     As to Defendant's claim that his due process rights were violated because the sentencing judge failed to state the aggravating or mitigating factors that were considered in determining his VOP sentence, the federal district court noted that the transcript of the VOP hearing reflected that the Superior Court considered: 1) McDougal's criminal record (which included his prior convictions for first degree assault, weapon violations, and an escape after conviction); 2) the fact that McDougal's 2011 VOP was his second VOP in connection with his manslaughter conviction; and 3) the fact that McDougal's violation was based on both new drug and weapon charges and a curfew violation. Given these circumstances, the district court agreed that Defendant's due process rights as to his sentence were not violated. The district court agreed with the Delaware Supreme Court that Defendant's sentence was not unduly harsh and the sentence did not amount to an abuse of discretion by the sentencing judge.[44]

57.     Both the Delaware Supreme Court on Defendant's direct appeal and the Delaware District Court on Defendant's habeas corpus petition have previously held that Defendant's due process rights were not violated in the manner in which the VOP hearing was held and/or as to his sentence. To the extent that defendant has now refined, restated or recouched his due process claims, the court is not required to re-examine claims that already received substantive resolution on direct appeal and/or in Defendant's prior federal habeas corpus petition. Defendant's due process claims raised in the subject motion are procedurally barred as untimely and previously adjudicated, and are also without merit.

---

[44] *Andre McDougal v. Wesley, Warden, et al.,* 2014 WL 6693787, * 5 (D.Del.).

### C)      Defendant's Claim that his VOP Counsel was Ineffective

58.      Defendant claims that his VOP counsel provided ineffective assistance because Defendant was not advised prior to his VOP hearing of his rights to make a statement, call witnesses and present evidence.

59.      Defendant raised this same claim in his federal habeas corpus petition.  The Delaware District Court found this claim to be procedurally barred and without merit.[45]

60.      The Delaware District Court held this claim was procedurally barred because it was untimely filed and also because it was never raised to the Delaware Supreme Court. The Delaware District Court recognized that any attempt to now present this claim in the state courts in a new Rule 61 motion would be time-barred under Rule 61(i) and procedurally defaulted under Rule 61((i)(3).  The Delaware District Court further held that Defendant has not established any cause for relief from failing to timely raise this claim nor has he established any prejudice resulted therefrom.[46]

61.      The Delaware District Court also noted that the VOP record indicated that Defendant McDougal was present at the hearing and represented by an attorney and that the VOP transcript indicated that he spoke with his attorney prior to the hearing.  The Delaware Supreme Court, on Defendant's direct appeal, had already held that the hearing was conducted in accordance with the applicable rules and Defendant was afforded the due process to which he was entitled.  Moreover, the Delaware District Court noted that Defendant, himself, admitted during the VOP hearing that he had a lengthy criminal history.  The Delaware District Court reasoned that because the VOP hearing at issue was

---

[45] *Andre McDougal v. Wesley, Warden, et al.,*  2014 WL 6693787, * 3-6 (D.Del.).
[46] *Andre McDougal v. Wesley, Warden, et al.,*  2014 WL 6693787, * 5-6 (D.Del.).

16

Defendant's second violation of probation hearing for his manslaughter conviction, and given his lengthy criminal history, Defendant was presumably well familiar with the rights accorded to him during a VOP proceeding.[47]

62.     Defendant's claim that his counsel provided ineffective assistance for not advising him of his due process rights is untimely, procedurally barred as previously adjudicated and without merit.  Both the Delaware Supreme Court and the Delaware District Court have already determined that Defendant's due process rights were not violated in the handling of his VOP sentence and/or as to his sentence.

63.     Defendant has not met his burden to establish any applicable exception here to warrant the court to consider his otherwise procedurally barred claims.[48]

64.     Defendant's request for the appointment of counsel is hereby denied.  This motion was filed well over 3 years after the final order of the Delaware Supreme Court affirming the VOP finding of the Superior Court. Rule 61, as amended effective June 4, 2014, does not automatically provide for the appointment of counsel in untimely filed Rule 61 motions.[49] To the extent that counsel may be appointed in untimely filed Rule 61 motions in a VOP, such an appointment would be permitted only in certain limited exceptional situations.[50]  Having fully, thoroughly and carefully considered Defendant's motion and the evidentiary record, none of the exceptional circumstances giving rise to the entitlement to the appointment of counsel exist in this case.  Since Defendant has failed to

---

[47] *Andre McDougal v. Wesley, Warden, et al.,*  2014 WL 6693787, * 3-4 (D.Del.).
[48] See, Super.Ct.Crim.R. 61 (effective June 4, 2014).
[49] See, Superior Court Criminal Rule 61(e)(4).
[50] See, Superior Court Criminal Rule 61(e).

overcome the procedural hurdles warranting the appointment of counsel, the appointment of counsel is denied.[51]

65.     Defendant's request for an evidentiary hearing is denied. Following a full, comprehensive and thorough review of the evidentiary record, Defendant's allegations were either reasonably discounted as not supported by the record or not material to a determination of Defendant's claim. It does not appear that an evidentiary hearing will aid in the resolution of this motion and is denied.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be summarily dismissed.

**IT IS SO RECOMMENDED.**

_____/s/_____
Commissioner Lynne M. Parker

oc: Prothonotary
cc: Timothy J. Weiler, Esquire

---

[51] See, Super.Ct.Crim.R. 61(e)(2).